IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES RODNEY GEORGE,

    Plaintiff;

vs.

THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA (a/k/a GUARDIAN), and

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

    Defendants.

Case No.: _____

*JURY DEMAND

## COMPLAINT

COMES NOW, Plaintiff, James Rodney ("Rodney") George, by and through his attorneys at Cody Allison & Associates, PLLC, and sues Defendants The Guardian Life Insurance Company of America (*a/k/a* Guardian) and Berkshire Life Insurance Company of America [hereinafter all collectively "**Guardian/Berkshire**"].

### JURISDICTION & VENUE:

1. Jurisdiction of this case is based on 28 U.S.C. §1332, *i.e.*, federal–court diversity jurisdiction. This is because, as alleged below, the Plaintiff and Defendants are citizens of, or reside in, different States, and the amount in controversy exceeds $75,000.00.

2. Venue is proper in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391.

1

## RELEVANT PARTIES:

3. Rodney George resides in Murfreesboro, Tennessee, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Middle District of Tennessee.

4. At times relevant hereto, Plaintiff was self-employed as the owner/president/chief manager [hereinafter "principal"] of a construction company known as The Building Group. However, due to his established disability, he was last employed in this capacity in October, 2011.

5. Before that time, in late 2005, Mr. George applied for and obtained a private or "personal" LTD (long-term disability) policy [hereinafter the "Policy"][1] that was (and is) underwritten, insured, sponsored, administered and/or managed by Guardian/Berkshire. This policy provided that he would be paid benefits under the policy if he could not work, specifically in his capacity as an owner, or principal, of a construction business.

6. Defendant The Guardian Life Insurance Company of America (*a/k/a* Guardian) is a corporate entity formed and organized under the laws of a State other than Tennessee, and its headquarters/principal place of business is located in a State other than Tennessee (upon information and belief, New York).

7. Defendant Berkshire Life Insurance Company of America is a corporate entity formed and organized under the laws of a State other than Tennessee, and its headquarters/principal place of business is located in a State other than Tennessee (upon information and belief, Massachusetts).

8. At all times relevant hereto, the Policy provided for payment of disability benefits in the event Mr. George became disabled and unable to work because of sickness or other covered

---

[1] *See* Policy Number Z0877600.

medical condition, specifically in his capacity as an owner, or principal, of a construction business, as set forth or defined under the Policy.

## STATEMENT OF FACTS:

9. Plaintiff realleges and reavers paragraphs 1 through 8 of the Complaint, incorporating them by reference herein as if specifically restated.

10. Plaintiff is 47 years old with a date of birth in September, 1968. He was self-employed as principal of The Building Group. As such, he was responsible (among other things) for managing all business operations and personnel for the company; managing all projects; legal compliance; administrative or HR functions (including hiring and firing); accounting/financial duties; marketing; and clerical tasks.

11. However, due to his established disability, he was last employed in this capacity in October, 2011, at which time he was forced to stop working due to medically–documented disability(-ies). The central basis for Mr. George's disability claim is clinical depression and anxiety, which has been diagnosed and is subject to ongoing treatment by a psychiatrist (Dr. Samuel Okpaku, MD, PhD of Nashville, TN).

12. The LTD Policy at issue states, *inter alia*, the following:

**"Sickness means a sickness or disease which is diagnosed and treated while this policy is in force.**

**"Total disability means that, because of sickness or injury, you are not able to perform the material and substantial duties of your occupation. Your occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled.**

**"You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation...."**

3

13. After he could no longer work as principal of The Building Group, Mr. George was approved for and received long-term disability benefits (LTD) through Guardian/Berkshire, this continuously from late 2011 through approximately August 1, 2015. During that time frame, Mr. Moody was, properly, considered Disabled under the Policy.

14. However, Defendant Hartford then reversed course and denied additional benefits, for the period beyond August 1, 2015. The denial letter from the Company is dated August 25, 2015.

15. In the denial letter dated August 25, 2015, Guardian/Berkshire in essence contended that the medical documentation on hand did not support a physical or mental condition to the level and severity that would limit or restrict Mr. George from performing the material and substantial duties as principal of The Building Group, *i.e.,* the duties of running a construction company.

16. The putative basis for Guardian/Berkshire's denial of benefits includes several Independent Medical Evaluations (IME's) or similar reports/evaluations on Mr. George. Apparently, this includes the following:

(a) Medical review conducted by consulting psychologist in June and July, 2014

(b) Neuropsychological examination (IME) conducted in October, 2014

(c) Medical review regarding shoulder injury conducted by consulting physician, apparently done sometime in or about May, 2015

(d) Medical review conducted by consulting neuropsychologist in or about August, 2015.

4

17. Under the circumstances, Mr. George and undersigned counsel needed and desired to review each of these IME's/reports/evaluations (and all related papers) in order to contest termination of LTD benefits. Yet, despite multiple requests from Mr. George and undersigned counsel, in writing, Guardian/Berkshire has refused to make full disclosure; this specifically includes the report from the neuropsychological examination (IME) conducted on or about October 2, 2014.[2]

18. Written requests from undersigned counsel for the materials referenced in Paragraph 16 and 17 above were dated December 31, 2015 and January 18, 2016. The former letter (December 31, 2015) specifically invoked a claim for bad-faith failure to pay on an insurance policy, pursuant to T.C.A. Section 56-7-105. A true and correct copy of that letter is attached hereto as Exhibit A.

19. All premiums required for LTD coverage under the Policy have been fully paid or otherwise satisfied. This specifically includes quarterly premium payments requested by Guardian/Berkshire and made, timely, by Mr. George since LTD benefits were terminated and the contractual period of time during which premiums were waived expired (the latter date being December 1, 2015). Guardian/Berkshire accepted those premium payments. So, notwithstanding the fact that his disability benefits were wrongfully "cut off," Mr. George has made all required premium payments under the policy since that time.

20. At all times relevant hereto -- *i.e.,* at all times for which relief is sought – Plaintiff was "disabled" or suffered from "disability" as those terms are defined under the Policy; such that monetary benefits are now (over-) due to be paid.

21. Since Plaintiff's last day of work principal/owner/chief manager of The Building

---

[2] Correspondence from Guardian/Berkshire has contended that this sort of information (IME's, etc.) is considered proprietary and not subject to release at this time.

5

Group, his claim was and has been supported by his treating physician(s) who have confirmed his inability to work in such capacity; as stated, Plaintiff continued during the relevant time frame to meet the definition of disabled or disability under the Policy.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Policy for the losses claimed herein.

23. Plaintiff is due "back" LTD benefits covering the period of time from approximately August 2, 2015 to present, plus any other LTD-related benefits that were provided under the Policy over that time frame (including without limitation any waiver of premiums). He is also due all *future* LTD benefits as provided by the Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

24. Based on the facts summarized above, the proof found in the Policy and claims file(s) and other records for this matter, plus the proof to be attained through discovery, Plaintiff has suffered, and may in the future suffer, a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION:

### COUNT I --- State Law/Contract

25. Plaintiff realleges and reavers paragraphs 1 through 24 of the Complaint, incorporating them by reference herein as if specifically restated.

26. Based on the facts summarized above, Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract (the Policy) for LTD benefits entered between Mr. George and Guardian/Berkshire. Both Defendants have

6

Group, his claim was and has been supported by his treating physician(s) who have confirmed his inability to work in such capacity; as stated, Plaintiff continued during the relevant time frame to meet the definition of disabled or disability under the Policy.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Policy for the losses claimed herein.

23. Plaintiff is due "back" LTD benefits covering the period of time from approximately August 2, 2015 to present, plus any other LTD-related benefits that were provided under the Policy over that time frame (including without limitation any waiver of premiums). He is also due all *future* LTD benefits as provided by the Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

24. Based on the facts summarized above, the proof found in the Policy and claims file(s) and other records for this matter, plus the proof to be attained through discovery, Plaintiff has suffered, and may in the future suffer, a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION:

### COUNT I --- State Law/Contract

25. Plaintiff realleges and reavers paragraphs 1 through 24 of the Complaint, incorporating them by reference herein as if specifically restated.

26. Based on the facts summarized above, Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract (the Policy) for LTD benefits entered between Mr. George and Guardian/Berkshire. Both Defendants have

failed, and refuse today, to pay to Plaintiff under said contract all of the LTD benefits to which he is entitled and upon which he has relied upon receiving. Defendants have also breached the covenant/duty of good–faith and fair dealing that accompanied said contract and was implied in the performance of that contract.

## COUNT II -- State Law/Statutory

27. Plaintiff realleges and reavers paragraphs 1 through 26 of the Complaint, incorporating them by reference herein as if specifically restated.

28. Based on the facts summarized above, and having satisfied any and all statutory prerequisites, Plaintiff makes claim against Defendants for all permissible damages and relief under Tenn. Code Ann. § 56-7-105 -- Tennessee statutory law for bad-faith failure to pay on an insurance policy.

## PRAYER FOR RELIEF:

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter a money judgment in Plaintiff's favor and against Defendants based on the state common–law and statutory causes of action alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual,[3] compensatory, consequential, incidental, and/or extra–contractual damages, injuries, losses and expenses caused by or due to Defendants' wrongful conduct; all as allowable under law and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against Defendants; declaring, determining, clarifying and ordering (via 28 U.S.C. §§ 2201, 2202 and F. R. Civ. P 57, via

---

[3] This includes without limitation any applicable or accrued cost–of-living adjustments ("COLA") under the Policy.

7

injunction pursuant to F. R. Civ. P. 65, via specific performance, or otherwise) that Defendants pay to Plaintiff all LTD benefits to which he is entitled in the future; subject to the proof and policy application procedures, if and as required, and so long as he otherwise continues to meet all applicable terms and conditions of the Policy at issue.

C. That the Court also award to Plaintiff his attorney's fees and/or costs/expenses of suit pursuant to Tenn. Code Ann. § 56-7-105 and otherwise;

D. That the Court also award to Plaintiff pre-judgment interest and post-judgment interest[4] on all amounts awarded;

E. That pursuant to Tenn. Code Ann. § 56-7-107, Defendants be required to attach to their/its answer(s) or responsive pleading(s) a true and correct copy, duly attested and sworn to, of the LTD policy at issue herein;

F. That the Plaintiff recover any and all other, different or additional damages and relief (legal or equitable) to which he may be entitled by virtue of the facts and causes of action alleged above, including without limitation treble, exemplary and/or punitive damages based on Defendants' wrongful conduct;

G. That a jury be duly impanelled to hear and decide all issues herein properly considered by a jury; and

H. Plaintiff reserves the right, if appropriate, pursuant to F. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent; and/or to be revealed by discovery to be conducted herein. This includes without limitation adding any party-defendant(s) necessary to afford complete relief.

---

[4] *See*, 28 U.S.C. § 1961.

Dated this 8th day of July, 2016.

                                                **Respectfully Submitted,**

                                                CODY ALLISON & ASSOCIATES, PLLC

                                                /s/ K. Cody Allison
                                                K. Cody Allison, TN BPR No. 20623
                                                Cody Allison & Associates, PLLC
                                                The Union Building
                                                501 Union Street, Ste. # 502
                                                Nashville, Tennessee 37219
                                                Phone: (615) 234-6000
                                                Fax: (615) 727-0175
                                                cody@codyallison.com